*U.S. v. Kiture*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand nineteen.

PRESENT:
> JOHN M. WALKER, JR.,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                     No. 18-864

BRIAN KITURE,

> *Defendant-Appellant.*

———————————————————————————

FOR APPELLANT:                          MARLON G. KIRTON, P.C., New York, NY.

FOR APPELLEE:                            DAVID ZHOU (Daniel B. Tehrani, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 16, 2018, is **AFFIRMED.**

Defendant-Appellant Brian Kiture appeals from a judgment of conviction entered on March 16, 2018, in the United States District Court for the Southern District of New York (Failla, *J.*). Following a bench trial, Kiture was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). New York Police Department ("NYPD") officers discovered the firearm after arresting Kiture for speeding away from a traffic stop, engaging the officers who stopped him in a high-speed chase, and ultimately driving his vehicle into several parked cars. On appeal, Kiture challenges the district court's denial of his motion to suppress the firearm and a post-arrest statement in which he admitted to possessing it. Kiture argues that (1) the district court erred in determining that Kiture was not "seized" for purposes of the Fourth Amendment when the NYPD officers first pulled him over; and (2) the district court clearly erred in crediting the testimony of the NYPD officer who claimed that he pulled Kiture over after observing that his taillight was malfunctioning. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

The district court held a two-day evidentiary hearing on Kiture's motion to suppress. Based on the evidence presented at that hearing, the court found that Kiture had been pulled over by three NYPD officers in an unmarked car after one of those officers observed that the driver's-side taillight of the car was malfunctioning. Although he stopped briefly, Kiture did not comply with the officers' orders to turn off the car's engine and remove the keys. He instead yelled through the window, asking why the officers had stopped him and insisting that he had done nothing wrong. As an officer approached Kiture's vehicle on foot, the officer attempted to open the rear passenger door of the vehicle, at which point Kiture sped away. He led the officers on a short high-speed chase, running a red light, and ultimately

driving the vehicle into several parked cars. After crashing, Kiture attempted to flee on foot but was promptly apprehended and arrested. An officer who had arrived on scene after the collision then discovered a firearm in the dashboard of Kiture's vehicle while turning its engine off. After he was arrested, Kiture was taken to the local NYPD precinct where he waived his Miranda rights and admitted to possessing the firearm.

Kiture argued in his motion to suppress, and argues again on appeal, that the firearm and his admission to possessing it should be suppressed as fruits of an unlawful seizure. His position is that the NYPD officers lacked reasonable suspicion that Kiture had broken a law when they first pulled him over. The district court, in an oral opinion, concluded primarily that Kiture had not been "seized" for purposes of implicating Fourth Amendment protections until he was arrested after having crashed the vehicle because at no point during the initial stop did Kiture "submit to police authority," a standard established by *United States v. Baldwin*, 496 F.3d 215, 218 (2d Cir. 2007). Crediting the police officer's testimony that he had observed Kiture's taillight malfunctioning, the district court further concluded that, even if the initial traffic stop had constituted a seizure, the officers had reasonable suspicion that Kiture was driving in violation of a New York traffic law when they stopped him.

On appeal, Kiture argues that he was in fact "seized" for Fourth Amendment purposes when he was first pulled over, and that the district court's crediting of the police officer who testified to observing that Kiture's rear driver's-side taillight appeared dimly lit was clearly erroneous. When reviewing challenged suppression orders, we examine the district court's "findings of fact for clear error, and its resolution of questions of law and mixed questions of law and fact *de novo*." *United States v. Bohannon*, 824 F.3d 242, 248 (2d Cir. 2016). We will overturn a factual finding as clearly erroneous only when we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Sash*, 396 F.3d 515, 521 (2d Cir. 2005). We give special deference to the district court's "factual determinations going to witness credibility." *United States v. Jiau*, 734 F.3d 147, 151 (2d Cir. 2013).

We affirm the district court's rulings on Kiture's Fourth Amendment arguments for substantially the reasons given by the district court. Kiture was not "seized" for purposes of

3

the Fourth Amendment when he was first pulled over because he did not submit to the authority of the NYPD officers. An order to stop "must be obeyed or enforced physically" to amount to a seizure under the Constitution. *United States v. Swindle*, 407 F.3d 562, 572 (2d Cir. 2005). We have held that, depending on the "totality of the circumstances," a temporary stop in response to a police order may not be sufficient to implicate the Fourth Amendment. *Baldwin*, 496 F.3d at 219. Rather, to implicate the Constitution, a suspect subject to a temporary stop "must submit to police authority, for 'there is no seizure without actual submission.'" *Id.* (quoting *Brendlin v. California*, 551 U.S. 249, 254 (2007)).

This case is controlled by our decision in *United States v. Baldwin*. In *Baldwin*, we held that a suspect who stopped his car briefly in response to a police car's lights and sirens, but who "refused to comply" with police directives to turn off the engine, and who sped away shortly after stopping, was not "seized" for purposes of the Fourth Amendment. *Baldwin*, 496 F.3d at 217, 219. Here, Kiture also stopped his vehicle briefly in response to a police signal, but refused to comply with further directions, was combative and questioned the authority of the police to stop him, and sped away shortly after stopping. As in *Baldwin*, Kiture did not submit to police authority when he was first pulled over and thus was not then seized for purposes of the Fourth Amendment. By the time Kiture was later arrested, and therefore indisputably seized, he had engaged the officers in a high-speed chase, run a red light, and driven into parked vehicles, giving the police ample probable cause for his arrest.

\* \* \*

We have considered Kiture's remaining arguments and conclude that they are without merit. For the foregoing reasons, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

4